62  237
131a 602

# THE PEOPLE OF THE STATE OF NEW YORK EX REL. HENRY SILKENS v. JOHN McGLYN AND OTHERS, COMPOSING THE BOARD OF EXCISE OF THE TOWN OF NEW UTRECHT.

*Excise law — revocation of a license — the licensee is entitled to be heard — certiorari.*

It is provided by section 8 of chapter 175 of the Laws of 1870, as amended by section 4 of chapter 549 of the Laws of 1873, that a board of excise may at any time, and upon a complaint must, summon before it any person having a license, and that if it shall become satisfied that such person has violated any provision of the act, or of the acts amended, it shall revoke said license.

Upon the hearing had on the return to a writ of *certiorari* issued to review the revocation of a license:

*Held,* that it was the intention of the statute to give the accused a hearing before revocation.

That where the accused appeared before a board of excise and denied the charge that his house was disorderly, and the board, without proof other than such as could be inferred from the character and standing of the complainants, summarily revoked the license, its action was improper and should be reversed.

CERTIORARI issued upon the relation of Henry Silkens to review the proceedings of John McGlyn, A. B. Bennett and Rupert Werner, composing the Board of Excise of the Town of New Utrecht, had on or about July 13, 1891, revoking the license of said relator to keep a hotel or tavern in Sixty-fifth street, near Fourth avenue, in the town of New Utrecht, in the county of Kings.

*John H. Kemble,* for the relator.

*James C. Church,* for the respondents.

BARNARD, P. J.:

The revocation of the license was without legal justification. The license is granted on conditions. It may be revoked for a violation of these conditions, or a violation of any of them. Complaint was made against the relator to the board of excise, averring that the relator kept his saloon open at irregular hours, and that the house was disorderly. The hearing was set down for July 13, 1891. The relator appeared and denied the charges. The board vacated the license without proof other than that inferred from the character and standing of the complainants. The excise act (chap. 549, Laws of 1873, § 4), intended to give the accused a hearing and power to

obtain witnesses. The board of excise must be satisfied of the relator's violation of the term of his license. This does not mean that an assurance of guilt by men of good character should be sufficient when the guilt is denied by the accused party. The decision is subject to review. (*People ex rel. Healey* v. *Forbes*, 52 Hun, 30.)

The order of the board of excise should. therefore, be reversed, with costs.

PRATT, J., concurred.

Order reversed, with costs.